## Commonwealth ex rel. Clark v. Clark

*Achey & Power*, for plaintiff.
*Phineas O. Pitt*, for defendant.

KELLER, P. J., June 18, 1954.—This matter is before us upon a petition of defendant, William S. Clark, by his mother, Freda Clark, to open a judgment obtained against defendant in the Court of Quarter Sessions of Bucks County on June 26, 1953, in the sum of $960, as of June 24, 1953.

According to the records in this case, this judgment was obtained against defendant by the Commonwealth of Pennsylvania ex rel. William S. Clark, Jr., and Virginia Hope Clark, minor children of defendant, for default in the recognizance given by him to the Commonwealth in the amount of $1,000, for the support of William S. Clark, Jr., and Virginia Hope Clark, pur-

suant to the order of the court made on November 7, 1951, requiring him, William S. Clark, to pay to Horace E. Gwinner, Bucks County support officer, the sum of $16 a week from that date toward the support of his two minor children, William S. Clark, Jr., and Virginia Hope Clark, until the further order of the court in the premises, and that he enter into his own recognizance in the sum of $1,000 for his faithful performance of the order.

On June 26, 1953, upon consideration of the petition of Virginia R. Clark, mother of William S. Clark, Jr., and Virginia Hope Clark, and on motion of Achey & Power, her attorneys, the court, having found that defendant, William S. Clark, failed to comply with the order and was in arrears in the sum of $960, as of June 24, 1953, for the support of William S. Clark, Jr., and Virginia Hope Clark, decreed that the aforesaid recognizance given by defendant, William S. Clark, in the amount of $1,000 is forfeited, and directed the entry of judgment on the recognizance in favor of the Commonwealth of Pennsylvania, to the use of Virginia R. Clark, parent and natural guardian of William S. Clark, Jr., and Virginia Hope Clark.

The aforesaid proceedings for nonsupport of the minor children were instituted by Virginia R. Clark, their mother and defendant's then wife, but who has since been divorced from him. From the depositions taken in these proceedings, we find that prior to the entry of this order of support on May 21, 1951, defendant had been a patient in the Norristown State Hospital, he having been found to suffer from psychosis, and remained in that hospital until September 1951. It was after his release from the hospital that the order of support was made by the undersigned, sitting as the hearing judge.

The court has no recollection of having had any information as to defendant's mental condition or previous

hospital history at the time the order was made. Defendant complied with the order, insofar as he was able, while he was out of the hospital and employed. However, on September 9, 1953, he was again returned to the hospital where he has remained and is presently confined therein. He has been diagnosed by the hospital's senior chief psychiatrist, Dr. Juddson E. Shephard, as a schizophrenic, and that his prognosis was quite poor, and that eventually he will probably have to be a permanent hospital citizen. The doctor seriously doubted that defendant could hold a job for any length of time because of his health. The testimony further reveals that defendant is the owner of a double dwelling house in Morrisville Borough, for which he paid $3,800, which he still owns and for which he receives an aggregate rental of $75 per month.

Inasmuch as the obligation of a father to support his minor children has been declared by our appellate courts to be an absolute duty, and since defendant is the owner of income-producing property, we do not feel justified in relieving him from his responsibility for the support of his minor children and, therefore, would not be warranted in opening this judgment.

However, since the court may, at all times, control the execution on a judgment and inasmuch as petitions to open default judgments are addressed to the sound discretion of the court and are essentially equitable proceedings ruled by equitable principles, it is our conclusion, under the circumstances, that although the petition to open the judgment be denied, the enforcement thereof should be restrained and that any execution proceedings thereon to collect the same should be stayed, pending the determination of the mental competency of defendant, William S. Clark, and, if found incompetent, the appointment of a guardian for him.

And now, to wit, June 18, 1954, defendant's motion to open the judgment is denied. The court further di-

rects that all proceedings for the enforcement of the payment thereof or execution thereon be stayed, pending proceedings for the determination of the mental competency of William S. Clark, defendant, and if found incompetent, the appointment of a guardian for him, and until the further order of the court.